UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60939-CIV-ZLOCH

SOUTH FLORIDA GUARDIANSHIP
PROGRAM, INC.,

    Plaintiff,

vs.                          **FINAL ORDER OF REMAND**

RICHARD P. HALF, individually
and as Co-Trustee of the Yvette
Margaret Half 2004 Trust, and
E. GREGORY DEPALMA, individually
and as Co-Trustee of the Yvette
Margaret Half 2004 Trust,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiff South Florida Guardianship Program, Inc., initiated the instant action in the Seventeenth Judicial Circuit, Broward County, Florida. Defendants Richard P. Half and Gregory DePalma timely filed a Notice Of Removal (DE 1) to this Court wherein they alleged that this action would otherwise properly be brought in federal court. Specifically, the Notice Of Removal alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332 (2006).

    Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." Id. Whether an action filed in state court may properly be removed to federal court is determined from the record at the time the notice of removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

The party asserting diversity jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001). In a notice of removal, the defendant's failure to allege complete diversity of citizenship is fatal to the Court's exercise of jurisdiction, and the Court is left with no recourse other than to remand the action to state court. Id.

The requisite diversity of citizenship as to Plaintiff and Defendants is not apparent on the face of the Notice Of Removal (DE 1). The Notice alleges only that: "Plaintiff is a citizen and resident of Florida and the Defendants are citizens and residents of Pennsylvania." DE 1.

Section 1332(c) specifically prescribes the allegations sufficient to establish a corporate party's citizenship, it states: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Id. The Notice Of Removal (DE 1) fails to allege the citizenship of Plaintiff South Florida Guardianship Program, Inc. Although Defendants allege that Plaintiff "is a citizen and resident of Florida," the allegation is insufficient to satisfy the requirements of pleading diversity. See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247

2

(11th Cir. 2005). Therefore, because Defendants have failed to plead Plaintiff's state of incorporation and principal place of business, they have failed to allege the Parties' diversity of citizenship and have not met the initial burden of establishing this Court's jurisdiction over the above-styled cause.

The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. <u>United States v. Rojas</u>, 429 F.3d 1317, 1320 (11th Cir. 2005) <u>citing</u> <u>Turner v. Bank of N. Am.</u>, 4 U.S. 8, 10 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994); <u>see, e.g.</u>, 13 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>, § 3602 (2d ed. 1984 & Supp. 2007).

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand); <u>see also</u> <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062 (9th Cir. 1979).

In remanding the above-styled cause due to Defendants' failure

3

to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 08-2640; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of June, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Parties and Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 08-2640

5